IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ELGIN WALKER,                    :

                                         :

            Plaintiff,          :

                                         :

            VS.               :       CASE NO. 5:12-CV-448 (MTT)

                                         :

                                         :

Officer SOLOMON;         :

Warden GLEN JOHNSON;    :

Deputy Warden IVY;       :

JOHN DOE,                  :

                                         :

           Defendants.       :

_____

## ORDER AND RECOMMENDATION

Plaintiff Elgin Walker, presently confined at Georgia State Prison in Reidsville, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff has also filed a motion to proceed *in forma pauperis*.  As explained below, that motion is granted. Furthermore, after a preliminary review of Plaintiff's Complaint, it is recommended that only the claims that Officer Solomon violated the Eighth and Fourteenth Amendments when he failed to protect Plaintiff from an attack by a fellow inmate be allowed to go forward in this action.

### DISCUSSION

**I.**    **Request to Proceed *In Forma Pauperis***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  As it appears Plaintiff is unable to pay the cost

of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).   The clerk of court is directed to send a copy of this Order to the business manager and the warden of Georgia State Prison.

## II.    Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or

officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that " [f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).  *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III.    Statement and Analysis of Claims

Plaintiff complains about events that occurred when he was housed in the segregation unit at Hancock State Prison.  According to Plaintiff, "it is policy that two officers" are required to escort the inmates from the showers to the segregation unit. (Compl. 5, ECF No. 1.)   While Officer Solomon, acting alone, was escorting him from the showers and back to segregation, another inmate attacked Plaintiff and repeatedly stabbed him with a "shank."  (Compl. 5.)   Plaintiff claims that he was severely wounded and had to undergo "lifesaving surgery."  (Compl. 5.)   Plaintiff alleges that the prison is understaffed and poorly maintained.  Plaintiff requests the Court to order the prison to comply with standard security requirements and award him damages.

First, the Court notes that Plaintiff is no longer housed at Hancock State Prison. Under established law in the Eleventh Circuit, a prisoner's claim for injunctive and declaratory relief is mooted by his transfer to another prison.  *Zatler v. Wainwright*, 802

F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Therefore, Plaintiff's request that the Court order Hancock State Prison to comply with security requirements is moot.

Plaintiff has named a "John Doe" defendant in this action.  "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)).  Plaintiff must provide either the name of the proposed defendants or provide a description so specific that it will allow the defendant to be identified and personally served.  Plaintiff's description of John Doe as an officer in the control booth is "insufficient to identify the defendant among the many guards employed at" Hancock State Prison.  *Richardson*, 598 F.3d at 738.

Plaintiff has also named Warden Glen Johnson and Deputy Warden Ivy as Defendants in this action.  However he makes no allegations against these individuals in the body of his complaint.  A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation.  *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  Johnson and Ivy are subject to dismissal on this ground alone.

To the extent that Plaintiff seeks to hold these Defendants liable for the actions of their employees at the prison, he cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability.  *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986).  Instead, Plaintiff must show that the supervisor personally participated in the alleged constitutional violation or

that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. Plaintiff does not allege that Johnson and Ivy were personally involved in his alleged constitutional deprivation. Moreover, Plaintiff's assertions do not establish the causal connection necessary to hold these Defendants responsible for the Plaintiff's alleged constitutional deprivation.

Based on these findings, the Undersigned **RECOMMENDS** that Plaintiff's request for injunctive relief, Defendant John Doe, Defendant Glen Johnson, and Defendant Ivy be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order and Recommendation.

This leaves only Plaintiff's claim that Officer Solomon violated the Eighth and Fourteenth Amendments when he failed to protect Plaintiff from an attack by a fellow inmate. While it is by no means clear that Plaintiff will ultimately prevail, he has alleged sufficient facts so that this claim may proceed beyond this initial stage. Therefore, the Undersigned will allow this action to go forward against Defendant Solomon.

It is hereby **ORDERED** that service be made against this Defendant and he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

**Defendants are reminded of the duty to avoid unnecessary service expenses,**

**and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

## ORDER FOR SERVICE

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the

Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run

separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the

payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 15th day of February, 2013.

S/ Stephen Hyles

UNITED STATES MAGISTRATE JUDGE