**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

ELGIN WALKER,                    :
                                 :
       Plaintiff,             :
                                 :
VS.                              :        CASE NO. 5:12-CV-448 (MTT)
                                 :
                                 :
Officer SOLOMON,                 :
                                 :
       Defendant.             :
_____  :

## ORDER FOR SERVICE AND
## GRANTING LIMITED DISCOVERY

On September 27, 2013, Plaintiff responded to the Court's Order to Show Cause why Plaintiff had failed to provide Defendant Solomon's current address. In that response, Plaintiff requests that the Court order the administrators of Hancock "to release the address on file of the Defendant Officer Solomon." (Resp. to Order to Show Cause 2, ECF No. 16.) Plaintiff's request is denied at this time. Instead, the Court orders service on Brian Owens, the Commissioner of the Department of Corrections, for the limited purpose of allowing Plaintiff discovery as to the current employer and location of Defendant Officer Solomon.

## BACKGROUND

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on October 27, 2012. (ECF No. 1.) After a preliminary review of Plaintiff's claims, the only remaining defendant in the case is Officer Solomon. (Order & Recommendation 6, Feb. 15, 2013,

ECF No. 6; Order, Mar. 11, 2013, ECF No. 9.)  On February 15, 2013, the Court directed service against Defendant Solomon.  (Order & Recommendation 6-10.)  A United States Marshals Service Process Receipt and Return was mailed to Defendant Solomon, along with the Complaint and a summons, at the address provided by Plaintiff on February 20, 2013.  (ECF No. 8.)  Defendant Solomon did not Answer the Complaint or waive service in the time allowed in the mailed service of process.

Consequently, on May 14, 2013, the Clerk of Court issued a summons and process receipt for personal service against Defendant Solomon.  (ECF Nos. 10-11.)  The process receipt for personal service was returned unexecuted because Defendant Solomon is no longer at the address provided for service by Plaintiff.  (*See* Process Receipt & Return 1, 3, ECF No. 12.)  Specifically, the U.S. Marshal was advised that Defendant Solomon no longer works at Hancock State Prison, the only address provided by Plaintiff.  (*Id.*)

On June 20, 2013, the Court ordered Plaintiff to provide the Court with a current address for Defendant Solomon.  (Order 2, ECF No. 14.)  Plaintiff did not do so.  The Court consequently Ordered Plaintiff to show cause why his Complaint should not be dismissed for lack of service and for failure to comply with the Court's previous order. (Order 2, Sept. 16, 2013, ECF No. 15.)  In response, Plaintiff states that he is unable to obtain the Defendant's address without assistance from the administrative officials at Hancock State Prison.  (Resp. to Order to Show Cause 2.)  Further he states that those same officials have refused to provide Plaintiff with Defendant Solomon's current address.  (*Id.*)  The United States Marshal's Service has likewise been unsuccessful in determining Defendant Solomon's current address and was instead only told that

2

Defendant Solomon resigned from Hancock State Prison.  (*See* Process Receipt & Return 1, 3.)

## DISCUSSION

Since Plaintiff is *pro se* and is proceeding *in forma pauperis* in this action, it is the duty of the officers of the court to "issue and serve all process[.]"  28 U.S.C. § 1915(d). As explained in the Court's previous Order, in the Eleventh Circuit *in forma pauperis* litigants are "entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part."  *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990).

Although Plaintiff has been unable to provide the Court with Defendant Solomon's current address, Plaintiff has clearly made reasonable and good faith attempts to discover this information.  This is not the first time this Court has been presented with a situation where a state prison has failed to provide the United States Marshal's Service, a part of the Department of Justice, with information necessary to serve a former or current employee. *See Richardson v. Johnson*, 598 F.3d 734, 738-39 (11th Cir. 2010) (discussing service of state prison guards when *pro se* litigant does not know specific address).  If this is a policy of the Georgia Department of Corrections, such policy is rife with inefficiency and disregard for the United States Marshal's Service and United States Courts.  Consequently, the Court now orders Brian Owens, the Commissioner of the Georgia Department of Corrections (GDOC) to be served in this case for the purpose of

allowing Plaintiff to conduct limited discovery concerning Defendant Solomon's current address.

Specifically, Plaintiff shall be provided with five (5) interrogatories that shall be answered by the GDOC Commissioner.  These interrogatories will not count as part of Plaintiff's allowed interrogatories during normal discovery pursuant to Local Rule 33.1. Plaintiff should inquire into: whether Defendant Solomon is still employed by the GDOC; if so, where Defendant Solomon is currently employed; and the address where Defendant Solomon can be personally served.  Although discovery is not typically filed with the Court, the parties are ordered to file copies of the interrogatories and responses.

If the only address the GDOC Commissioner has for Defendant Solomon is a current home address, the GDOC does not have to provide such address to Plaintiff. Instead, the GDOC Commissioner is instructed to respond to Plaintiff's interrogatory and state that he has only the Defendant's home address and provide that address to the Court under seal.  The United States Marshal's Service will then effectuate service and will also file under seal the process receipt and return.  Plaintiff shall have twenty-one (21) days to serve and file his interrogatories.  Commissioner Owens shall respond to Plaintiff's interrogatories within twenty-one (21) days of receipt.[1]

---

[1]  Whether the Respondent is subject to sanctions pursuant to Federal Rules of Civil Procedure Rule 4(d)(2) for his failure to waive service, and what sanctions, if any, are proper, will be addressed at the appropriate time.  *See, e.g.*, Fed. R. Civ. P. 4, 1993 amend. note ("Defendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs."); *see also* Fed. R. Civ. P. 4(d), 1993 amend. note ("A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare.").

**CONCLUSION**

For the reasons explained above, Plaintiff's request that the administrators from Hancock State Prison provide him with Officer Solomon's address is denied at this time. However, the GDOC Commissioner shall be served in this case and is ordered to respond to Plaintiff's interrogatories within twenty-one days of receipt.

SO ORDERED, this 1st day of October, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE