**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

ELGIN WALKER,            :
                                :
         Plaintiff,         :
                                :
         vs.              :       CASE NO. 5:12-CV-448 (MTT)
                                :
Officer SOLOMON,       :
                                :
         Defendant.    :

_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant's motion to dismiss (ECF No. 29) and Plaintiff's motion for contempt proceedings (ECF No. 21). For the reasons explained below, it is recommended that Defendant's motion be granted for Plaintiff's failure to exhaust his administrative remedies. Plaintiff's motion should be denied as moot.

## BACKGROUND

Plaintiff complains about events that occurred when he was housed in the segregation unit at Hancock State Prison. According to Plaintiff, "it is policy that two officers" are required to escort the inmates from the showers to the segregation unit. (Compl. 5, ECF No. 1.) While Officer Solomon, acting alone, was escorting him from the showers and back to segregation, another inmate attacked Plaintiff and repeatedly stabbed him with a "shank." (Compl. 5.) Plaintiff claims that he was severely wounded and had to undergo "lifesaving surgery." (Compl. 5.)

After a preliminary review, only Plaintiff's claim against Officer Solomon for failure to protect was allowed to proceed. Defendant Solomon moved to dismiss arguing,

*inter alia*, that Plaintiff failed to exhaust his administrative remedies prior to filing this action.  This motion is now ripe for review by the Court.

## DISCUSSION

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.  *Id.*  "If the complaint is not

2

subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendant moves to dismiss for lack of exhaustion claiming that Georgia State Prison[1] had a grievance procedure in place, but that Plaintiff failed to utilize all steps of this procedure. (Def's Br. in Supp. of Mot. to Dismiss. 3-5, ECF No. 29-1.) Plaintiff states in his Complaint that he filed informal grievances at Georgia State Prison, but never received a response. (Compl. 3.) He further avers that he filed grievances "for failure to submit response[,]" and that the prison violated the Standard Operating Procedures because it failed to "litigat[e] the grievance." (*Id.* at 3-4.) In his response to Defendant's motion to dismiss, Plaintiff likewise states that the prison failed to respond to his grievance "which made it impossible for [him] to proceed any further . . . in the grievance process[,]" and that he was so severely injured and incapacitated that he could not timely file a grievance. (Pl.'s Resp. 1, ECF No. 32.) Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

---

[1] Plaintiff alleges that he was injured on November 15, 2011 while housed at Hancock State Prison. (Compl. 5.) On November 16, 2011, Plaintiff was transferred to the Medical Center of Central Georgia. (Graham Aff. ¶ 5 & Attach. 2, Feb. 5, 2014, ECF No. 29-7.) On November 26, 2011, Plaintiff was transferred to Georgia State Prison. (*Id.* ¶ 6 & Attach. 2.)

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Defendants here have met that burden.

Defendant has established that Georgia State Prison uses the Georgia Department of Corrections' Standard Operating Procedures (SOP) regarding grievances. (Smith Aff. ¶¶ 3-7 & Attach. 1, Feb. 10, 2014, ECF No. 29-2.) The SOP mandates that an inmate must follow a three-step process in order to exhaust his remedies: file an informal grievance, file a formal grievance, and file an appeal. (*Id.* ¶¶ 12-15, Attach. 1 at 5-9.) "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed an informal grievance, formal grievance, and appeal concerning his failure to protect claim prior to filing this action. *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)).

Plaintiff filed an informal grievance on September 24, 2012. (Smith Aff. ¶ 17 & Attach. 3-4.) In that grievance, Plaintiff contends he filed a grievance on December 2, 2011 concerning the incident that occurred at Hancock State Prison. (Smith Aff. ¶ 18 &

Attach. 4.)  Plaintiff's September 24, 2012 grievance was rejected as being untimely. (Smith Aff. ¶ 19 & Attach. 4.)  Plaintiff did not file a formal grievance or otherwise appeal the rejection of his September 24, 2012 grievance.  (Smith Aff. ¶ 19 & Attach. 3.) Additionally, Plaintiff's offender grievances record indicates that Plaintiff filed no grievances at all in 2011.  (Smith Aff. Attach. 3.)

It is clear from the evidence discussed above that Plaintiff did not exhaust his administrative remedies prior to filing this action.  Plaintiff did not follow the grievance procedure and file a formal grievance or appeal his grievance.  He thus failed to exhaust his administrative remedies regarding his failure to protect claim.  Consequently, Defendant's motion seeking dismissal for failure to exhaust should be granted.

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss (ECF No. 29) should be granted for Plaintiff's failure to exhaust his administrative remedies and his Complaint should be dismissed without prejudice.  Because the Court is recommending dismissal of Plaintiff's Complaint, his remaining pending motion (ECF No. 21) should be denied as moot.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 4th day of April, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE