**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ELGIN WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:12-CV-448 (MTT)** |
| | ) | |
| **OFFICER SOLOMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles (Doc. 34) on the Defendant's motion to dismiss (Doc. 29) and the Plaintiff's motion for contempt proceedings (Doc. 21).  The Magistrate Judge recommends granting the Defendant's motion because the Plaintiff has failed to exhaust his administrative remedies.  He further recommends denying the Plaintiff's motion as moot.  The Plaintiff has objected to the Recommendation (Doc. 35), the Defendant has responded (Doc. 36), and the Plaintiff has responded to the Defendant's response (Doc. 37).  The Court has reviewed the Recommendation and the Plaintiff's objections and has made a *de novo* determination of the portion of the Recommendation to which the Plaintiff objects.

First, the Plaintiff contends the Magistrate Judge erred in relying on *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008) because the grievance process in *Turner* was a two-step process, whereas the grievance process in this case is a three-step process. The Plaintiff's objection is clearly without merit.  *Turner* sets forth the two-step analysis for courts to determine whether a prisoner exhausted his administrative remedies,

making no distinction based on the number of steps in a particular prison's grievance procedure.  *See Turner*, 541 F.3d at 1082-83.

Second, the Plaintiff contends the Magistrate Judge erred in finding he failed to exhaust his administrative remedies because they were not available to him.  As discussed in the Recommendation, the Plaintiff alleges he was repeatedly stabbed by another inmate while being escorted from the showers back to segregation at Hancock State Prison.  He claims to have filed an informal grievance in December 2011 to which he never received a response.  He filed a grievance based on this alleged lack of response in September 2012, and this grievance was rejected as untimely.  The Plaintiff challenges the Magistrate Judge's finding that he failed to file a formal grievance or otherwise appeal the denial of his September 2012 grievance, claiming this was not an option.  However, the Georgia Department of Corrections Standard Operating Procedures submitted by the Defendant clearly state that an inmate can file a formal grievance after completing the informal grievance process.  (Doc. 29-3 at 7).

As to the Plaintiff's claim he filed a grievance and never received a response, he presented no evidence of this alleged December 2011 grievance.  The Plaintiff's grievance record submitted by the Defendant shows he filed no grievances at all in 2011.  (Doc. 29-5).  At the second stage of the exhaustion analysis, the Court considers and weighs the evidence presented to it to resolve disputed factual issues related to exhaustion.  *Turner*, 541 F.3d at 1082.  Based on the record evidence, the Court finds the Plaintiff failed to file a timely grievance concerning the shower incident.

Finally, the Plaintiff asks the Court to toll the statute of limitations if his complaint is dismissed because otherwise the applicable statute of limitations will have run and

the dismissal will operate as a dismissal with prejudice.  However, the Plaintiff has presented no basis for tolling other than the fact that otherwise the statute of limitations will have expired when he again files suit.  The case cited by the Plaintiff, *Leal v. Georgia Department of Corrections*, 254 F.3d 1276 (11th Cir. 2001), is inapposite.  In *Leal*, the Eleventh Circuit reversed the district court's *sua sponte* dismissal of the prisoner's complaint as untimely and remanded for the court to consider the prisoner's argument that the statute of limitations should have been tolled while he was exhausting his administrative remedies.  *Leal*, 254 F.3d at 1280.  Because the Plaintiff has not yet exhausted his administrative remedies, a prerequisite to filing suit in federal court, his argument that the statute of limitations should be tolled during the time spent exhausting administrative remedies is premature.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the Defendant's motion to dismiss (Doc. 29) is **GRANTED** and the complaint is **DISMISSED without prejudice**.  The Plaintiff's motion for contempt proceedings (Doc. 21) is **DENIED as moot**.

**SO ORDERED**, this 30th day of May, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT